OPINION *Page 2 
{¶ 1} Defendant-appellant Adrian D. Maddox ("Maddox") brings this appeal from the judgment of the Lima Municipal Court finding him guilty of aggravated menacing. For the reasons set forth below, the appeal is dismissed.
 {¶ 2} On October 12, 2007, the Lima Police Department received a call from Kevin Maddox ("Kevin"), Maddox's brother, alleging that Maddox had threatened to "blow [Kevin's] brains out, blow [Kevin's] head off * * *." Tr. 5. The threat was made while Maddox was holding a gun after a verbal altercation between Maddox and Kevin. The police arrived and took Maddox into custody. A search of the home followed, the weapon was not found until weeks later. Kevin signed a complaint and Maddox was charged with aggravated menacing, a first degree misdemeanor in violation of R.C. 2903.21(A). Maddox was unable to post a bond, so remained in jail pending trial.
 {¶ 3} On October 31, 2007, a bench trial was held. The State presented testimony from Kevin and his girl friend. Maddox then testified in his own defense. Following the closing arguments, the trial court found Maddox guilty and ordered Maddox to serve 180 days in jail. Credit was given for 20 days time served and 160 days of the sentence were suspended on condition that Maddox stay away from Kevin and his girlfriend. Maddox appealed from this judgment and raises the following assignment of error. *Page 3 
 The conviction is not supported by sufficient evidence and is against the manifest weight of the evidence.
 {¶ 4} Before this court can consider the assignment of error, the question of jurisdiction must be addressed. Appellate courts have jurisdiction to review the final orders of judgments of inferior courts in their district. Section 3(B)(2), Article IV, Ohio Constitution; and R.C. 2505..2. See also, App. R. 4(A). In the event that a jurisdictional issue is not raised by the parties then the Court of Appeals must raise it sua sponte. See Davison v. Rini (1996), 115 Ohio App.3d 688, 686 N.E.2d 278.
 {¶ 5} In this case, the "form" judgment entered by the trial court and forming the basis of this appeal has numerous boxes checked regarding Maddox's conviction and sentence. However, the judgment does not reference for what offense Maddox was convicted and sentenced. The judgment is devoid of any reference to the offense.
 {¶ 6} Upon consideration of same, this court finds that the trial court's judgment is not a final order pursuant to R.C. 2505.02. The judgment must clearly reflect the specific offense of which the defendant is convicted and sentenced. See State v. Lichtensteiger, 3d App. No. 15-01-07, 2001-Ohio-2333. *Page 4 
Since this judgment entry fails to comply with Crim. R. 32(C) and, thus, is not a final appealable order, the appeal must be dismissed for lack of jurisdiction.
Appeal Dismissed.
 SHAW, P.J., and PRESTON, J., concur. *Page 1